UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSHANE LAWSON,

      Petitioner,

v.                                        Case No. 3:17-cv-796-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
      Respondents.
_____

## ORDER

### I. Status

Petitioner Oshane Lawson, an inmate of the Florida penal system, initiated this action on July 5, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1) with the United States District Court Northern District of Florida. The Northern District transferred the case to this Court on July 11, 2017. See Doc. 3. In the Petition, Lawson challenges a 2010 state court (Duval County, Florida) judgment of conviction for second-degree murder. Lawson raises one ground for relief. See Petition at 5-8.[2] Respondents have submitted an answer in opposition to the Petition. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 29) with exhibits (Resp. Ex.). Lawson filed a brief in reply. See Motion for Leave to Respond and Response to Motion to Dismiss (Reply; Doc. 30). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[3] and House,[4] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

Id. at 386-87.

Respondents contend that this action is untimely. Response at 7-14. In his Reply, Lawson argues that his failure to timely file the Petition should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Reply at 2-3. According to Lawson, he, himself, was ineffective for failing to file his initial postconviction motion within the one-year limitations period to toll the statute of limitations. Id. at 2. Lawson also asserts that his appellate counsel was ineffective for failing to raise the issue presented in his Petition on direct appeal. Id. The following procedural history is relevant to the one-year limitations issue.

On November 18, 2010, the State of Florida (State) indicted Lawson on one count of first-degree murder. Resp. Ex. B1 at 21-22. Lawson entered a negotiated plea of guilty to a lesser count of second-degree murder. Id. at 14-15. On November 22, 2010, pursuant to the plea agreement, the circuit court sentenced Lawson to a term of incarceration of

---

[3] Schlup v. Delo, 513 U.S. 298 (1995).
[4] House v. Bell, 547 U.S. 518 (2006).

forty years in prison, with a twenty-five year minimum mandatory. Id. at 16-20. Lawson did not file a timely direct appeal but did petition the First District Court of Appeal (First DCA) for a belated direct appeal. Resp. Exs. A; C1; C2. Following an evidentiary hearing in front of a Special Master in the circuit court, the First DCA ultimately denied the petition for belated appeal on December 27, 2011. Resp. Exs. C7; C8.

As Lawson's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). A petition for belated appeal "does not qualify as an application for collateral review," and, therefore, does not toll the one-year statute of limitations. Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016). Here, Lawson's judgment became final on December 22, 2010. See id.; 28 U.S.C. § 2244(d)(1)(A); Fla. R. App. P. 9.140(b)(3) (mandating thirty-day window from date of written order imposing sentence to file direct appeal of criminal conviction). As such, Lawson had until December 22, 2011, to file a federal habeas petition. Lawson did not file the Petition until July 5, 2017. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The record reflects that Lawson did not file any motions in state court that would have tolled the one-year statute of limitations until February 18, 2013, when he filed a pro se memorandum of facts and law in support of a motion for postconviction relief.[5] Resp. Exs. A; K1. Even assuming this memorandum was a postconviction motion, it was filed after December 22, 2011, and, therefore, did not toll the running of the statute of

---

[5] In other state court filings, Lawson alleged that he filed a companion motion for postconviction relief on the same date. However, the record does not reflect that the motion was filed with the circuit court. Resp. Ex. A.

limitations. As Lawson did not file any motions that would have tolled the statute of limitations between December 22, 2010, and December 22, 2011, the instant Petition is untimely.

To the extent that Lawson asserts that Martinez excuses his failure to timely file his Petition, his argument fails as a matter of law. See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."). Moreover, regarding Lawson's assertion that his appellate counsel was deficient for failing to raise this issue on direct appeal, such argument would be appropriate if the Court were analyzing exhaustion not timeliness. Appellate counsel's alleged failure to raise the claim in the Petition on direct appeal did not hinder Lawson's ability to timely file his Petition or state court filings that would have tolled the statute of limitation. Accordingly, this alleged error is not an extraordinary circumstance entitling Lawson to equitable tolling. Additionally, upon review of the Petition and Reply, the Court finds Lawson has not articulated any new facts that would support an actual innocence claim. Based on the above analysis, Lawson's Petition is due to be dismissed as untimely.

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Lawson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Lawson

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition and dismissing this case with prejudice.

3. If Lawson appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to

proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of January, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Oshane Lawson #133448
Counsel of record

7